IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ashley M. Mardis,

    Plaintiff,

    v.                     Case No. 2:18-cv-337

Commissioner of
Social Security,

    Defendant.

ORDER

Plaintiff Ashley M. Mardis brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability, disability insurance benefits, and supplemental security income. In a decision dated August 2, 2017, the administrative law judge ("ALJ") found that, through the last insured date of December 31, 2012, plaintiff had severe impairments consisting of diabetes mellitus, right shoulder degenerative joint disease, obesity, and anxiety disorder, and further found that as of October 13, 2014, the date of plaintiff's application for supplemental security income, plaintiff also had bilateral carpal tunnel syndrome, attention deficit disorder, and depression. PAGEID 56. The ALJ found that plaintiff's residual functional capacity ("RFC") would permit her to perform light work, with the additional limitations that plaintiff could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but could never climb ladders, ropes or scaffolds. PAGEID 60. The ALJ decided that plaintiff was capable of performing her past relevant work as a packager and assembler, and that there were also other jobs in the national economy which plaintiff could perform. PAGEID 67-68.

The ALJ found that plaintiff was not disabled. PAGEID 68.

On March 11, 2019, plaintiff filed objections to the February 25, 2019, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed. The Commissioner has requested that the court adopt the report and recommendation.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own

regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

Plaintiff's objections address the ALJ's finding that plaintiff's back and knee problems did not constitute medically determinable impairments. The magistrate judge found that the ALJ's finding was supported by substantial evidence, agreeing that these conditions were not established by medical evidence consisting of signs, symptoms, and laboratory findings from an acceptable medical source. Doc. 18, p. 7. The magistrate judge also concluded that the evidence cited by plaintiff, including a reference to plaintiff's back and knee problems in a letter from Dr. Matthew Inman, D.O., chiropractic treatment notes, and two physical therapy evaluations, failed to support plaintiff's position. Doc. 18, pp. 9-10. The court agrees with the analysis of the magistrate judge.

At step two of the evaluation process, the ALJ must determine whether a claimant's alleged impairments constitute "medically determinable" impairments. 20 C.F.R. §404.1508. A medically determinable impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and not by symptoms alone. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 698 (6th Cir. 2006); 20 C.F.R. §404.1508.

A "symptom" consists of a claimant's description of the alleged impairment. 20 C.F.R. §404.1528(a). However, the ALJ need not find credible a claimant's subjective complaints or medical assessments which are not supported by the medical evidence or the record as a whole. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The impairment must have lasted or must be expected to last for a continuous period of at least twelve months. 20 C.F.R. §404.1509; *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)(plaintiff bears the burden of proving the existence of a medically determinable impairment that meets the twelve-month durational requirement). Only evidence from acceptable medical sources can establish a medically determinable impairment. 20 C.F.R. §404.1513(a).

The ALJ explained why she found that plaintiff's alleged back and knee impairments were not medically determinable, as follows:

> Finally, I find that the claimant's alleged back and knee impairments were not medically determinable during the entire period of adjudication.... In September 2012, an x-ray of the lumbar spine was unremarkable (6F/69). In December 2012, the claimant was diagnosed with bilateral low back pain, however, musculoskeletal examination was normal (6F/7). From November 2013 to February 2014, examinations indicated no deformity or scoliosis of the spine, full range of motion, intact sensation, and normal strength (7F/3; 7F/10). From April to October 2014, the claimant received chiropractic treatment (10F/1-21). In September 2015, examination again demonstrated no musculoskeletal deformity or scoliosis, intact sensation and normal strength (17F/5). Moreover, there is no additional evidence of record demonstrating abnormal objective findings, diagnoses, treatment or more than minimal limitations in the claimant's ability to perform work-related activities with regard to these impairments.

PAGEID 57.

Plaintiff argues that the ALJ did not discuss Dr. Inman's

4

November 9, 2016, letter. That letter stated that plaintiff had multiple medical problems, including "chondromalacia of bilateral patella" and "chronic low back pain." PAGEID 1307. The ALJ was not required to discuss every piece of evidence in the record for her decision to stand, *see Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004), and the ALJ's failure to cite specific evidence does not indicate that it was not considered, *see Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004). Here, it is very likely that the ALJ considered Dr. Inman's letter. The ALJ specifically referred to Dr. Inman's November, 2016, note excusing plaintiff from work from November 9, 2016, through November 9, 2017. *See* PAGEID 65; Exhibit 27F, PAGEID 1306. Twice on this excuse is the notation "see letter," which was obviously intended to incorporate by reference Dr. Inman's November 9, 2016, letter. The letter was included in the record as Exhibit 28F, sequentially the next exhibit following the excuse. *See* PAGEID 1307.

Plaintiff argues that Dr. Inman's letter constitutes evidence of her back and knee impairments from an acceptable medical source. However, in assigning Dr. Inman's work excuse little weight, the ALJ observed that it was vague, did not provide for specific workplace abilities or limitations, and offered an opinion on plaintiff's inability to work, an issue reserved to the Commissioner. PAGEID 65. The ALJ stated:

> While treating providers are not required to provide function-by-function analysis, when they fail to offer specific limitations, or even explanation or evidentiary support for their opinion regarding disability, they miss the opportunity to identify specific limits that the factfinder can accept, reject, or evaluate. In sum, opinions limited to the ultimate issue in the case offer very little substance for the factfinder to weigh in light of the evidence in the record as a whole and,

5

therefore, have little persuasive value.

PAGEID 65.

The same can be said of the November 9, 2016, letter now relied on by plaintiff. The letter notes that plaintiff "has multiple medical problems and is currently seeking SSDI for medical disability." PAGEID 1307. The letter then summarily lists plaintiff's medical problems, including "chondromalacia of bilateral patella" and "chronic law back pain." However, a mere diagnosis is insufficient to establish a medically determinable impairment. *See* 20 C.F.R. §404.1508; *Hill v. Comm'r of Soc. Sec.*, 560 F.App'x 547, 551 (6th Cir. 2014)(disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it). The letter includes no reasoned, clinical discussion of how these conditions were diagnosed or supported by medical examination observations, laboratory results or other objective tests, and expresses no opinion or explanation as to how these conditions would impact plaintiff's ability to perform work-related tasks. *See Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 426 (6th Cir. 2007)(regardless of whether an impairment is severe or non-severe, limitations arising from the impairment must be included in the RFC only if the impairment affects a claimant's capacity to work). Instead, the letter simply states that plaintiff "needs assistance now. Please, I ask, help her any way you can." PAGEID 1307.

The ALJ noted that from April to October, 2014, plaintiff received chiropractic treatment. PAGEID 57. A treating chiropractor is not an "acceptable medical source." *See Walters*, 127 F.3d at 530. This chiropractic treatment, received over a

seven-month period, is insufficient to show that the symptoms noted by the chiropractor, such as reduced range of motion, tenderness of palpation, spasms, and muscle tension, lasted for a continuous period of twelve months.

The record also includes two evaluations completed by Annette Demos, a physical therapist, on May 4, 2016, and December 5, 2016. PAGEID 1084, 1402. A physical therapist is also not an "acceptable medical source." *Noto v. Comm'r of Soc. Sec.*, 632 F. App'x 243, 249 (6th Cir. 2015). Even though Ms. Demos was not an "acceptable medical source," the ALJ nonetheless considered the physical therapy evaluations in formulating plaintiff's RFC. The ALJ gave partial weight to Ms. Demos's May, 2016, opinion that plaintiff was capable of performing at the light exertional level, which was supported by evidence demonstrating good range of motion, intact sensation, normal coordination and full strength. PAGEID 64. However, the ALJ noted that Ms. Demos only performed the functional capacity exams, was not a treating provider, and relied on plaintiff's subjective complaints. PAGEID 64. The ALJ assigned little weight to the December, 2016, evaluation, noting that it was inconsistent with the overall record evidence demonstrating normal physical findings, good range of motion, intact sensation, normal coordination, and full strength. PAGEID 64-65. The ALj concluded that plaintiff's subjective complaints were not consistent with her daily activities (driving, shopping, cleaning, preparing meals, caring for her daughter and pets, and walking two to three times per week) and the medical evidence of record. PAGEID 61-63.

Plaintiff suggests that the evidence from Dr. Inman, Ms. Demos, and plaintiff's treating chiropractor must be considered

together and given more weight. Even if this evidence is viewed as a package, this approach would not eliminate the deficiencies noted by the ALJ. Further, the fact that the ALJ addressed specific evidence separately in turn in her decision does not mean that she did not consider the cumulative effect of this evidence. Rather, the ALJ formulated plaintiff's RFC "[a]fter careful consideration of the entire record," having "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," but found that plaintiff's claim "is not supported by the overall evidence of record[.]" PAGEID 60, 61.

The ALJ is not required to consider an impairment which is not medically determinable in formulating the RFC. *Jones v. Comm'r of Soc. Sec.*, No. 3:15-CV-00428, 2017 WL 540923 at *6 (S.D. Ohio Feb. 10, 2017). However, even assuming that the ALJ erred in failing to find that plaintiff's back and knee problems constituted medically determinable impairments, any error was harmless because the ALJ considered evidence of plaintiff's back and knee problems, including plaintiff's hearing testimony and the reports of Ms. Demos, in formulating plaintiff's RFC. *Cf. Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)(failure to categorize an impairment as severe at step two is not prejudicial error if the ALJ found other severe impairments at step two and considered all of the claimant's impairments, including the nonsevere impairments, in the remaining steps of the disability determination). *See* PAGEID 61 (discussing plaintiff's testimony concerning her back and knee problems, and concluding that the reported symptoms were not entirely consistent with medical and other evidence); PAGEID 63-64

8

(explaining the weight assigned to the functional capacity evaluations of Ms. Demos).

For the foregoing reasons, plaintiff's objections are not well taken.

III. Conclusion

The court concludes that the ALJ's finding of nondisability is supported by substantial evidence. The plaintiff's objections (Doc. 19) are denied. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 18). The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment affirming the decision of the Commissioner.

It is so ordered.


Date: May 23, 2019          s/James L. Graham
                                   James L. Graham
                                   United States District Judge